**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

CHARLES LEONARD GALLOWAY,    *
    *
Petitioner,    *   Civil Action No. RDB-16-2613
    *   Criminal Action No.  RDB-10-775
v    *
    *
UNITED STATES OF AMERICA    *
    *
Respondent    *
    *****

**MEMORANDUM OPINION**

On July 18, 2016, Galloway, who is incarcerated at the Federal Correctional Institution-Elkton in Lisbon, Ohio**,** filed suit against the government using a pre-printed 28 U.S.C. § 2255 form. (ECF No. 494).  Galloway claims he is receiving inadequate medical care amounting to a violation of his rights under the Eighth Amendment, and he seeks vacatur of his sentence and damages.  *Id*. at 13.

Galloway's claims are not cognizable under 28 U.S.C. § 2255.  That statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Here, Galloway presents no challenge to his judgment of conviction: he does not claim his judgment violates a constitutional provision or federal law; exceeds the legal maximum; nor offers other grounds for collateral attack.  Accordingly, this case will be dismissed without prejudice for failure to state a cognizable claim.

Galloway presents medical care claims that are more properly set forth in a *Bivens* claim.[1]  Even if this Court were to construe his self-represented filing liberally as a *Bivens* Complaint, there are no facts to suggest venue is appropriate in the District of Maryland.  Venue is established by 28 U.S.C. §1391(b); *see also Simpson v. Fed. Bureau of Prisons*, 496 F.Supp.2d 187, 193 (D.D.C.2007) (citing *Stafford v. Briggs*, 444 U.S. 527, 544 (1980)); *Freeman v. Fallin*, 254 F.Supp.2d 52, 57 (D.D.C. 2003) (applying § 1391(b) to a *Bivens* action).

Title 28 U.S.C. §1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Galloway's claims of receiving constitutionally deficient medical care should be filed in the venue where all the defendants reside, or in the venue where the issue substantially arose. Galloway, however, does not allege where or when the acts or occurrences forming the basis of his claims occurred.  Most importantly, he does not claim these incidents occurred in Maryland.[2]

---

[1]   *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1999).

[2]   Galloway is undoubtedly aware there is no basis to bring these claims in the District of Maryland.  *See Galloway v. United States*, ELH-16-578 (transferring case presenting medical claims on a pre-printed form for filing a § 2255 Motion to the United States District Court for the Northern District of Ohio); *Galloway v. FCI Elkton Medical Dept.*, Civil Action ELH-15-3331 (transferring 42 U.S.C. 1983 action raising medical claims to the Northern District of Ohio).  In view of this history, this Court finds the interests of justice will not be served by transferring the instant case to the Northern District of Ohio, the judicial district where Galloway is incarcerated.

**CERTIFICATE OF APPEALABILITY**

A Certificate of Appealability may issue only if there is a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 3553(c), and the Motion to Vacate does not meet this standard.  Accordingly, this Court declines to issue a Certificate of Appealability.

**CONCLUSION**

For reasons stated herein, this case will be dismissed without prejudice for failure to state a cognizable claim under 28 U.S.C. §2255.   A separate Order follows.


__July 29, 2016_____                _____/s/_____
Date                                    Richard D. Bennett
                                        United States District Court

3