IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES LEONARD GALLOWAY,  *

   Petitioner,  *

                                                           Civ. Action No. RDB-15-3098

   v.  *     Crim. Action No. RDB-10-775

UNITED STATES OF AMERICA,  *

   Respondent.  *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On March 23, 2012, a jury convicted Petitioner Charles Leonard Galloway ("Petitioner" or "Galloway") of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. This Court sentenced Galloway to 292 months of imprisonment and five years of supervised release. (ECF No. 364.) Petitioner subsequently appealed his conviction, raising several arguments, which the United States Court of Appeal for the Fourth Circuit denied. *United States v. Galloway*, 749 F.3d 238 (4th Cir. 2014). Currently pending before this Court are Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 458), Petitioner's Motion to Appoint Counsel (ECF No. 476), and Petitioner's Motion to Amend the Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 512.) For the following reasons, Petitioner's Motion to Amend (ECF No. 512) is GRANTED;[1] Petitioner's Motion to Appoint Counsel (ECF No. 476) is DENIED;[2]

---

[1] Petitioner's Motion to Amend raises concerns about his own delay in filing his § 2255 Motion, as explained below Petitioner's § 2255 Motion is timely.
[2] There is no Sixth Amendment right to counsel in collateral proceedings. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A court may appoint counsel to a *pro se* litigant seeking Section 2255 relief if the court determines "that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c) of the Rules

1

and Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 458) is DENIED.

## BACKGROUND

On December 15, 2010, a federal grand jury returned an indictment charging the Petitioner and co-defendants with conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846. (ECF No. 1.) The Petitioner was also charged with one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841; one count of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *Id.* On December 16, 2011, the Government filed a notice pursuant to 21 U.S.C. § 851 of its intention to seek enhanced penalties based on the Petitioner's 2000 conviction for CDS-Unlawful Manufacturing in Baltimore City. (ECF No. 169.)

Petitioner initially retained private counsel. (ECF No. 90.) On December 31, 2011, Petitioner sent a letter to his counsel and to this Court detailing his dissatisfaction with his counsel's efforts on his behalf. (ECF No. 194.) On January 6, 2012, counsel filed a motion to strike her appearance which this Court granted. (ECF No. 195.) On February 15, 2012, this Court held a lengthy hearing regarding Petitioner's desire to represent himself, ultimately granting Petitioner's request and appointing the Federal Public Defender to act as shadow counsel. (ECF No. 240.) In response to questions from the Federal Public Defender, this

Governing Section 2255 Proceedings for the United States District Courts provides that a court must appoint counsel only "[i]f an evidentiary hearing is required." *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings. As Petitioner has adequately presented his claims and grounds for relief, there is no reason to appoint counsel. The interests of justice do not require appointment of counsel, and no evidentiary hearing is necessary in this matter.

Court stated that the Petitioner would be brought to the courthouse to review discovery materials while in custody. (*Id.*) On March 9, 2012, this Court held a hearing on pre-trial motions where it afforded Petitioner the option of traveling to access discovery daily. (ECF No. 474–4 at 7:24.)

After a five day trial, a jury convicted Galloway of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. (ECF No. 292.) On July 11, 2012, this Court sentenced the Petitioner to 292 months of imprisonment and five years of supervised release. (ECF No. 364.) On appeal, the Fourth Circuit rejected Defendant's claims and affirmed his conviction.[3] *See United States v. Galloway*, 749 F.3d 238 (4th Cir. 2014). On October 6, 2014, the Supreme Court of the United States denied Defendant's petition for a writ of certiorari. *See United States v. Galloway*, 135 S. Ct. 215 (2014). On October 9, 2015 Petitioner moved to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 458.)

## STANDARD OF REVIEW

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral

---

[3] On direct appeal Petitioner claimed: (1) ineffective assistance of retained counsel; (2) that this Court deprived him of meaningful access to discovery; (3) that wiretap affidavits failed to establish that wiretaps were necessary or that other alternative means had been exhausted; and (4) that this Court abused its discretion in admitting expert testimony regarding coded language used in wiretapped calls.

3

attack. *Hill v. United States,* 368 U.S. 424, 426–27 (1962) (citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman,* 578 U.S. ___, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant show cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F. 3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999)).

## ANALYSIS

### I. Petitioner's Motion to Vacate (ECF No. 458) is timely

A one-year statute of limitations applies to § 2255 petitions. 28 U.S.C. § 2255(f). The limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims

4

presented could have been discovered through the exercise of due diligence. *Id.*; *see also Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014).

A conviction becomes final for the purpose of starting the one-year limitations period when the opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524–25 (2003); *United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004). The Supreme Court of the United States denied Galloway's petition for writ of certiorari on October 6, 2014. Petitioner therefore initially had until October 6, 2015 to file his § 2255 motion. The Government has challenged the timeliness of Petitioner's Motion to Vacate. However, on September 14, 2015, Petitioner requested an extension of time to file his § 2255 Motion to Vacate. This Court granted Petitioner's request and extended the deadline to file to October 14, 2015. (ECF Nos. 450 and 451.) Petitioner filed on October 9, 2015. Petitioner's motion is therefore timely.

## II. Petitioner's Claims

Petitioner raises nine claims in his Motion to Vacate, six of which are procedurally defaulted. This Court first addresses the non-procedurally defaulted claims.

### a. Three Claims Properly Before this Court
#### i. Petitioner's Access to Discovery

Petitioner argues that this Court violated his due process rights by requiring that Petitioner access discovery while physically present at the courthouse. Where security is a concern, the right to discovery is not unfettered. *See United States v. Galloway*, 749 F.3d 238 (4th Cir. 2014) (finding "that the limitations the court imposed were reasonable" and observing that the Petitioner failed "to show any prejudice from the arrangement"); *see also United States v. Sarno*, 73 F.3d 1470, 1492 (9th Cir. 1995) (holding that while a *pro se*

petitioner's "access to discovery materials was hardly optimal," the "limitations imposed on him were reasonable"); *United States v. Bisong*, 645 F.3d 384, 396 (D.C. Cir. 2011) (observing that, "[e]ven assuming that *pro se* defendants have a Sixth Amendment right to discovery in preparing their defense," a defendant arguing such a claim "must demonstrate prejudice in order to prevail").

The decision to restrict Petitioner's access to discovery materials to a room on the sixth floor of the courthouse stemmed from having had "enormous security issues with respect to federal detention facilities." (ECF No. 474-3 at 42.) As clarified during pretrial proceedings, "[w]hatever room you want to have set up at the Maryland correctional facility center . . . it can be set up on the sixth floor lock up here…" *Id.* Petitioner received "perfect privacy" with "access to all of the evidence" and the liberty to "take as much time" as desired. *Id.* at 371. Accordingly, this Court accommodated Petitioner's access to discovery whilst mitigating serious security concerns.

### ii. Petitioner's Counsel was not Ineffective

A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional

assistance." *Id.* at 688–89. The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F. 3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697. The Fourth Circuit has noted further that the mere possibility of a different trial result does not satisfy the burden of proving prejudice. *Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986).

### 1. Alleged Due Process and Confrontation Clause Violations

Petitioner alleges that entering plea-agreements of co-defendants who did not testify at trial into evidence violated his Due Process and Confrontation Clause rights.[4] However, the record shows that the only plea agreements entered into evidence were of co-defendants who did testify. (ECF No. 474 at 16; *see also* ECF No. 474-6.)

Petitioner further claims that his appellate counsel was ineffective for failing to raise the alleged Confrontation Clause issue pertaining to co-conspirators who did not testify. As explained above, Petitioner is simply incorrect about the existence of a Confrontation Clause violation. Petitioner therefore cannot satisfy either prong of the *Strickland* test.

---

[4] Although Petitioner's claim in this regard is procedurally defaulted, it is considered here in tandem with the ineffective assistance of counsel claiming arising from it.

## 2. Prior Convictions as the Basis for Enhancement

Petitioner makes similar claims with regard to the use of his prior convictions as the basis for enhanced penalties. First, Petitioner charges that his lawyer rendered ineffective assistance of counsel in neglecting to challenge the validity of using his prior drug trafficking conditions as the basis for enhanced penalties under 21 U.S.C. § 851. Second, Petitioner alleges that his prior drug trafficking conviction was improperly used to enhance the penalty of his heroin conspiracy conviction.

A defendant is deemed a career offender if the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). A prior felony conviction is defined as an adult charge for a federal or state crime "punishable by death or imprisonment for a term exceeding one year . . . regardless of whether such offense is specifically designated as a felony." U.S.S.G. § 4B1.2(c); *see also* 21 U.S.C. § 802(44).[5] The prior drug traffic conviction Petitioner disputes involved the violation of a Maryland law that allowed for a maximum of four years imprisonment. MD. CODE ANN., CRIM. LAW § 5-601. Therefore, it was a proper predicate conviction to support Petitioner's designation as a career offender. Accordingly, there was not a valid objection that Petitioner's counsel should have made during his sentencing, and this argument also does not entitle Petitioner to relief.

---

[5] "As used in this subchapter: (44) The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

### iii. Law Enforcement Surveillance

Petitioner contends that law enforcement conducted illegal surveillance, including illegally obtaining Global Positioning System (GPS) data through the use of wiretaps. On May 26, 2010, investigators submitted applications and an affidavit to intercept phone calls over two cellular telephones utilized by the Petitioner to the Honorable Pamela J. White of the Circuit Court for Baltimore City. Judge White authorized the interception of calls over those lines the same day. Judge White authorized additional interceptions on June 8 and June 22, 2010. At a hearing before this Court, Petitioner challenged the affidavits supporting the wiretaps for lacking probable cause and for failing to demonstrate necessity. (ECF No. 474-4.) The Fourth Circuit addressed the Petitioner's suppression challenge to the wiretaps on appeal. *Galloway*, 749 F.3d at 243 (holding that the district court did not err in denying Petitioner's motion to suppress the wiretap evidence as the affidavits adequately demonstrated necessity). Petitioner does not specify how he believes illegal surveillance was conducted. Construing his pleadings liberally, this Court will address the identical probable cause and necessity requirements of MD. CODE ANN., CTS & JUD. PROC. §10-408(a) and 18 U.S.C. 2518(1).[6]

In analyzing a motion to suppress, the burden is on the defendant challenging the electronic surveillance to show illegality. *United States v. Matlock*, 415 U.S. 164 (1974). Petitioner here has not met that burden. Likewise, the Supreme Court has held that in a close case, a reviewing court should resolve doubts in favor of upholding a search warrant.

---

[6] While the Fourth Circuit only addressed Petitioner's necessity argument, and therefore it is unclear whether Petitioner's probable cause argument is procedurally defaulted for failure to raise it on appeal, this Court addresses both arguments. *See Galloway*, 749 F.3d at 243.

*United States v. Ventresca*, 380 U.S. 102, 109 (1965) (holding that while in particular cases "it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants").

An additional principle recognized by this Court in analyzing a motion to suppress a wiretap is that the determination by an issuing judge is accorded substantial deference when reviewing wiretap orders. This Court has previously recognized that in reviewing the previous findings of the issuing state judge, the function of this Court is not to make a *de novo* determination of sufficiency as if it were the issuing judge, but to decide that the facts set forth in the application were minimally adequate to support the determination that was made. *United States v. McKinney*, 785 F.Supp. 1214 (D. Md. 1992); *United States v. Errera*, 616 F.Supp. 1145 (D. Md. 1985).

Pursuant to the provisions of the Maryland Code governing the issuance of wiretaps, the issuing court must find probable cause for belief that an individual is committing, has committed, or is continuing to commit a particular offense enumerated in §10-406. *See* MD. CODE ANN., CTS & JUD. PROC. §10-408(c). There furthermore must be probable cause for belief that particular communications concerning that offense will be obtained through the interception of communications over the targeted communication devices. *Id.* The standard of review governing affidavits in support of wiretap orders is identical to the standard governing the review of search warrants. *United States v. Talbert*, 706 F.2d 464 (4th Cir. 1983). A reviewing court is not to substitute its judgement for probable cause but need only

determine whether there was a substantial basis for the issuing court's determination of probable cause. *Illinois v. Gates*, 462 U.S. 213 (1983).

The initial May 26, 2010 affidavit submitted to Judge White sets forth ample probable cause to believe that the Petitioner was engaged in drug trafficking activities. (ECF No. 474-4 at 97.) In particular, the May 26, 2010 affidavit related to an investigation begun in San Diego, California with respect to a co-defendant that revealed that the co-defendant was involved in a heroin distribution organization. The affidavit included the transcript of a lengthy phone conversation wherein the co-defendant and Petitioner negotiated the price, purchase, and delivery of kilogram quantities of heroin.[7] By the statutory gauge of § 10-408, there was probable cause to issue the order for the interception of communications over the targeted cellular telephone and Judge White did not err in concluding that probable cause existed to support her issuing the instant wiretap.

Turning to the necessity requirement, a wiretap application must contain a full and complete statement as to whether or not other investigative procedures have been tried and failed—or why they reasonably appear unlikely to succeed if attempted.[8] MD. CODE ANN., CTS & JUD. PROC. § 10-408(c); 18 U.S.C. § 2518(1)(c). The government's burden in alleging sufficient facts to show the need for wiretaps "is not great." *United States v. Smith*, 31 F.3d 1294, 1297 (4th Cir. 1994). Although the government cannot satisfy its burden with mere conclusory statements or a recitation of certain difficulties in collecting evidence "it need only present specific factual information sufficient to establish that it has encountered

---

[7] A Title III wiretap authorized in San Diego recorded the conversation between Petitioner and a co-defendant. (ECF No. 474-4 at 98.)
[8] The Maryland state law mirrors the federal law. *Compare* 18 U.S.C. 2518(1)(c) *with* MD. CODE ANN., CTS & JUD. PROC. §10-408(a)(1)(iii).

11

difficulties in penetrating [the] criminal enterprise or in gathering evidence—to the point where . . . wiretapping becomes reasonable." *Id.* at 1297–98 (alterations in original) (internal quotation marks and citations omitted).

As noted in the Fourth Circuit opinion, affidavits submitted in support of the wiretap applications "contained fairly extensive discussions of why the affiants believed the wiretaps were necessary." *Galloway*, 749 F.3d at 243. The affidavits specifically explained that law enforcement had used several other investigatory techniques which, given the caution of the targets, had failed and likely would not succeed. *Id.* The Government provided factual information sufficient to justify its need for a wiretap. *Galloway*, 749 F.3d at 243. Accordingly, no illegal surveillance was conducted.

### b. Petitioner's Six Procedurally Defaulted Claims

Petitioner proffered six claims in addition to those discussed above: (1) violation of due process and the Confrontation Clause resulting from the introduction of plea agreements of non-testifying co-defendants; (2) prejudice to the Petitioner due to the introduction at the Petitioner's trial of drugs and other evidence related to co-defendants; (3) that retained counsel harbored a conflict of interest as she was paid by a co-defendant to represent Galloway; (4) that the Petitioner's prior conviction was not a proper basement for enhancement under 21 U.S.C. § 851; (5) that the Petitioner statements to law enforcement were the result of an illegal interrogation; and (6) that the Petitioner was denied the use of an investigator. Petitioner argued none of these claims on appeal to the Fourth Circuit. Claims number one and four were necessarily assessed in conjunction with Petitioner's ineffective assistance of counsel claims addressed above. *See supra* Part II.b.i–ii.

It is well established that issues not raised on direct appeal are deemed procedurally defaulted and cannot be considered in a subsequent § 2255 motion unless the movant can show that either "cause and actual prejudice" resulted from the asserted errors, or that an "imminent miscarriage of justice" would result from a denial of the collateral attack. *See United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999); *see also Sanchez-Llamas v. Oregon*, 548 U.S. 331, 350–51 (2006). Cause "must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Mikalajunas* 186 F.3d at 493. Alternatively, demonstrating "miscarriage of justice" requires a showing of the movant's "actual innocence by clear and convincing evidence." *Id.* (citing *Murray v. Carrier,* 477 U.S. 478, 496 (1986)).

Petitioner has not made a showing of cause and prejudice with respect to any of his procedurally defaulted claims. Petitioner similarly has not alleged his actual innocence. Even had Petitioner claimed actual innocence, the exception "only applies in limited circumstances." *United States v. Jones*, 758 F.3d 579, 583 (4th Cir. 2014). A "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* As the Petitioner has made no claim of either "cause and prejudice" or "actual innocence" his claims remain procedurally defaulted. Even though Petitioner's claims are procedurally defaulted, this Court addresses each in turn.

### i. Evidence of Co-defendants' at Petitioner's Trial

Petitioner contends that he suffered prejudice as a result of drugs and other evidence from co-defendants' proceedings being introduced at trial. Petitioner was charged with conspiracy to distribute or possess with intent to distribute heroin. The Government

13

correctly notes that to prove conspiracy to possess heroin it necessarily "must establish: (1) an agreement to possess [heroin] with intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy." *United States v. Wilson*, 135 F.3d 291, 306 (4th Cir. 1998), *cert. denied*, 523 U.S. 1143 (1998); *accord United States v. Gomez-Jimenez*, 750 F.3d 370, 378 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 384 (2014). Each of these elements requires proof beyond a reasonable doubt. *See In re Winship*, 397 U.S. 358 (1970) (identifying proof beyond a reasonable doubt as a fundamental element of our American jurisprudence). Introduction at trial of drugs and other evidence relating to Petitioner's co-defendants was relevant to prove the existence of an agreement to possess and distribute heroin—an integral element of a conspiracy. The probative value of this evidence greatly outweighs purported prejudice to the Petitioner, who has failed to specifically identify any harm to him as a result of its admission.

### ii. Petitioner's Counsel was not Conflicted

Petitioner alleges his retained counsel had an unconstitutional conflict because she was allegedly paid by a co-defendant to represent him. Even if this claim were not procedurally defaulted, Petitioner has failed to specify how he was prejudiced, especially as the counsel in question did not represent the Petitioner at trial. This Court granted Petitioner's request to represent himself. It cannot be held that any alleged conflict applied to Petitioner in the course of his *pro se* representation.

### iii. Illegal Interrogation is a Non-Issue in this Case

Petitioner contends that law enforcement illegally interrogated him. It is beyond dispute that Petitioner was informed of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Both a Special Agent of the Drug Enforcement Agency and a Detective of the Baltimore City Police Department testified that they read Petitioner his *Miranda* rights. (ECF No. 386.) There is similarly no controversy regarding the adequacy of the *Miranda* warnings given. Even Petitioner's shadow counsel stated that "I do believe that the appropriate Miranda warnings were given to Mr. Galloway, both from Mr. Galloway's testimony and from the agents involved." (ECF No. 386 at 67–68.) As this Court reiterated at the motions hearing, "[t]here's no question Miranda warnings were given. There's no question as to the adequacy of Miranda warnings. This is strictly a dispute as to exactly when information was gleaned from Mr. Galloway, and whether or not there is some suggestion that his free will was overborne during the interrogation." (ECF No. 386 at 73:9–14.)

The applicable test for evaluating the voluntariness of a statement or confession is whether, given the totality of the circumstances, the will of the person making the statement was "overborne and his capacity for self-determination critically impaired" by a course of government conduct. *Schneckloth v. Bustamonte*, 412 U.S. 218, 225–26 (1973); *United States v. Gray*, 137 F.3d 765, 771 (4th Cir. 1998). No evidence suggests that Petitioner's statements were the product of coercion. As this Court previously stated, "[t]here's absolutely no indicia of these police officers in any way overbearing him. There's not one scintilla of evidence with respect to him being rudely treated, pressured in any way, shape or form. . . . I think there's no pressure at all." (ECF No. 386 at 74:17–23.) This dearth of evidence

substantiates the finding that Petitioner's statements—given after adequate *Miranda* warnings—were given voluntarily and that his free will was not overborne. This claim too must fail.

### iv. Petitioner's Access to an Investigator

Petitioner seeks relief on the ground that he was denied access to an investigator. Pursuant to section 18 U.S.C. § 3006A(e)(1) a court appointed investigator is mandatory if the defendant can establish both indigence and necessity. *See Lawson v. Dixon*, 3 F.3d 743, 750, 753 (4th Cir. 1993), *cert. denied*, 114 S. Ct. 1208 (1994); *see also United States v. Nichols*, 21 F.3d 1016, 1018 (10th Cir. 1994), *cert. denied*, 115 S. Ct. 523 (1994) ("In requesting a court-appointed expert, the burden is on the defendant to show that such services are necessary to an adequate defense." (internal quotation marks omitted)). The decision to allow access to an investigator is within the discretion of this Court. *United States v. Hartsell*, 127 F.3d 343, 349 (4th Cir. 1997) ("We review a district court's decision that certain resources are or are not "necessary" for an abuse of discretion."); *see also Williams v. Martin*, 618 F.2d 1021, 1026 (4th Cir. 1980). A defendant is not guaranteed public funding for every potentially helpful investigative measure or expert service. *Ross v. Moffitt*, 417 U.S. 600, 616 (1974) (holding that public funding is available for investigative or expert services only to the level of support required by the Due Process Clause); *Hartsell*, 127 F.3d at 349 (stating that a "defendant who alleges that a denial of funds has violated due process must demonstrate by clear and convincing evidence that the denial resulted in actual prejudice to the defense").

Petitioner notably did not request an investigator at any point during discovery and raises this issue for the first time for purposes of his habeas petition. Petitioner fails to

proffer any basis for the necessity of a court appointed investigator. This Court therefore need not address any question of Petitioner's indigence. This motion is denied.

## CONCLUSION

For the reasons stated above, Petitioner's Motion to Amend (ECF No. 512) is GRANTED; Petitioner's Motion to Appoint Counsel (ECF No. 476) is DENIED; and Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 458) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.


Dated: March 15, 2018

/s/
Richard D. Bennett
United States District Judge